UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL LEE WELLS,

        Plaintiff,        Case No. 1:13-cv-608

v.        Honorable Paul L. Maloney

COREY GRAHN et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Jones, Russell, Miller and Deeren. The Court will serve the complaint against Defendant Grahn.

**Discussion**

I.  Factual allegations

Plaintiff Carl Lee Wells (a/k/a CoShawn C. Wells) presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Michigan Reformatory (RMI). He sues the following RMI health care officials: Nurse Practitioner Corey Grahn; Nurse Robin Miller; and Acting Health Unit Manager Bryan Deeren. He also sues the following MDOC officials: Administrative Assistant of the Southern Region Health Care Services, Alfred Jones; and Manager of the Grievance Section of the Office of Legal Affairs, Richard D. Russell.

Plaintiff alleges that he has been diagnosed with ichthyosis congenita.[1] As a result of the condition, he has in the past been prescribed a medicated soap known as "Basis." He also has used Lubriderm and Keri lotions to control the problem. On June 25, 2012, he was seen by Defendant Grahn because of his skin irritation. Plaintiff requested the provision of Basis soap, because it had worked before. Grahn told Plaintiff that there was nothing he could do for him. From Plaintiff's subsequent allegations, however, it appears that Grahn instructed Plaintiff on self-care, including instructions to purchase a sensitive soap from the prison store, use less soap, avoid long or hot showers, and apply Vaseline after showers. Plaintiff filed a grievance, asking that he be referred to an off-site dermatologist. The grievance was denied at Step I by Defendants Miller and Deeren, stating that Plaintiff had been instructed in what to do, but Plaintiff had not purchased the sensitive soap as of the date of the grievance. Plaintiff appealed his grievance to Step II. Defendant Jones reviewed Plaintiff's medical history and instructions and noted that Plaintiff complained that he had tried all of the suggestions. Jones denied the grievance on July 27, 2012, but instructed

---

[1]"A congenital, often hereditary skin disease marked by dry, thickened, scaly skin." AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE (4th ed. 2000).

Plaintiff to use the kite process to access health care for any further needs. Plaintiff belatedly appealed to Step III. Defendant Russell rejected the grievance as untimely.

Plaintiff alleges that he continued to submit kites to health care and Defendant Grahn on August 3, August 24, August 27, October 1 and October 25, 2012, advising providers that his skin was extremely irritated and felt like it was on fire. He was seen by unspecified medical providers on multiple occasions, but he repeatedly was informed that the Basis soap he wanted was not on the MDOC formulary and could not be provided.

On March 18, 2013, Plaintiff again complained to health care, but his kite was ignored. In response to further kites sent on March 27, March 29 and April 2, 2013, Plaintiff repeatedly was informed by unknown medical providers and Grahn that the Basis soap he requested was nonformulary and therefore unavailable.

Plaintiff seeks only injunctive relief in the form of the provision of the medicated soap that does not irritate his skin, so that he can properly shower and keep himself clean.

II. <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(I)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff fails to make specific factual allegations against Defendants Miller, Deeren, Jones and Russell, other than his claim that they failed to properly respond to his grievances. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior.

*Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Miller, Deeren, Jones and Russell engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

The Court will order service of the complaint on Defendant Grahn.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Miller, Deeren, Jones and Russell will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendant Grahn.

An Order consistent with this Opinion will be entered.


Dated: June 27, 2013  /s/ Paul L. Maloney
 Paul L. Maloney
 Chief United States District Judge