UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CARL LEE WELLS, # 230368,  )
a/k/a CoShawn C. Wells,    )
                           )
        Plaintiff,   )   Case No. 1:13-cv-608
                           )
v.                         )   Honorable Paul L. Maloney
                           )
COREY GRAHN,               )   **REPORT AND RECOMMENDATION**
                           )
        Defendant.   )
_____)

       This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. § 1983. Plaintiff's complaint concerns conditions of his confinement at the Michigan Reformatory (RMI) in June 2012. He alleges that Nurse Practitioner Corey Grahn violated his Eighth Amendment rights when he failed to prescribe medicated soap for plaintiff's dry skin.[1]

       The matter is now before the court on defendant's motion for summary judgment. (docket # 18). Plaintiff has elected not to file a response.[2] I recommend that defendant's motion for summary judgment be granted and that judgment be entered in defendant's favor on all plaintiff's claims.

---

[1] All plaintiff's claims against other defendants were dismissed on June 27, 2013. (docket #s 4, 5). Plaintiff filed his amended complaint on September 9, 2013. (docket # 12). His amended pleading did not revive any claim dismissed on initial screening.

[2] Although plaintiff elected not to file a response to defendant's motion for summary judgment, the court may not for that reason alone enter judgment against plaintiff. *See Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991); *accord Cacevic v. City of Hazel Park*, 226 F.3d 483, 486 (6th Cir. 2000). Rather, the court is required to examine defendant's motion to ensure that defendant has discharged his burden of showing entitlement to judgment as a matter of law.

**Summary Judgment Standard**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Pluck v. BP Oil Pipeline Co.*, 640 F.3d 671, 676 (6th Cir. 2011).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e); *see Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The motion for summary judgment forces the nonmoving party to present evidence

sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see LaQuinta Corp. v. Heartland Properties LLC*, 603 F.3d 327, 335 (6th Cir. 2010).

## **Proposed Findings of Fact**

The following facts are beyond genuine issue. In June 2012, plaintiff was an inmate at the Michigan Reformatory (RMI). Corey Grahn is a licensed nurse practitioner. (Grahn Decl. ¶ 2, docket # 18-2, ID# 107). On June 25, 2012, Nurse Grahn saw plaintiff for a number of medical issues such as high blood pressure. Plaintiff complained of generalized dry skin and stated that he had tried all the skin care items in the prison's store. Grahn noted that plaintiff had a mild generalized ichthyosis. He used ichthyosis as a descriptor of the generalized dry skin he noted on plaintiff's extremities. There was nothing unusual or pathological about plaintiff's dry skin. It was similar to the dry skin experienced by the general population, which is readily treated with over-the-counter products. Nurse Grahn instructed plaintiff to use less soap and to apply Vaseline after showering. Plaintiff's skin had responded appropriately to this treatment in the past and in Nurse Grahn's medical judgment there was no need for prescription medication. (Grahn Decl. ¶ 95, ID# 130). During a follow-up examination in July 2012, Grahn examined plaintiff's extremities and found no pathology requiring special soap or treatment. (*Id.* at ¶ 96, ID# 130).

Plaintiff continues to receive extensive medical care. (Grahn Decl. ¶¶ 4-165, ID#s 108-48; medical records, docket # 20, ID#s 194-593). He has exacerbated his dry skin problem by being "noncompliant with medications and with [medical] instructions." (Grahn Decl. ¶ 165, ID#s 147-48).

**Discussion**

Plaintiff alleges that defendant violated his Eighth Amendment rights under the Cruel and Unusual Punishments Clause. In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to a prisoner's serious medical needs, manifested by prison staff's intentional interference with treatment or intentional denial or delay of access to medical care, amounts to the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle*, 429 U.S. at 104-05. In judging the sufficiency of "deliberate indifference" claims, the court must view the surrounding circumstances, including the extent of the injury, the realistic possibilities of treatment, and the possible consequences to the prisoner of failing to provide immediate medical attention. *Westlake v. Lucas*, 537 F.2d 857, 860 n.4 (6th Cir. 1976).

In *Wilson v. Seiter*, 501 U.S. 294 (1991), the Supreme Court clarified the deliberate indifference standard. Under *Wilson*, a prisoner claiming cruel and unusual punishment must establish both that the deprivation was sufficiently serious to rise to constitutional levels (an objective component) and that the state official acted with a sufficiently culpable state of mind (a subjective component). 501 U.S. at 298. The Supreme Court held in *Farmer v. Brennan*, 511 U.S. 825 (1994), that deliberate indifference is tantamount to a finding of criminal recklessness. A prison official cannot be found liable for denying an inmate humane conditions of confinement "unless the

official knows of and disregards an excessive risk to inmate health or safety." 511 U.S. at 837. The Sixth Circuit's decision in *Miller v. Calhoun County*, 408 F.3d 803 (6th Cir. 2005), summarized the subjective component's requirements:

> The subjective component, by contrast, requires a showing that the prison official possessed a sufficiently culpable state of mind in denying medical care. Deliberate indifference requires a degree of culpability greater than mere negligence, but less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result. The prison official's state of mind must evince deliberateness tantamount to intent to punish. Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference. Thus, an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Miller*, 408 F.3d at 813 (citations and quotations omitted). Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second-guess medical judgments and constitutionalize claims which sound in state tort law. *See Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013); *Alspaugh v. McConnell*, 643 F.3d 162,169 (6th Cir. 2011); *Westlake*, 537 F.2d 860 n. 5; *see also Reed v. Speck*, 508 F. App'x 415, 419 (6th Cir. 2012) ("The subjective component is intended 'to prevent the constitutionalization of medical malpractice claims.'") (quoting *Dominguez v. Corr. Med. Servs.*, 555 F.3d at 550).

Plaintiff has not presented evidence sufficient to support the either component of an Eighth Amendment claim for deliberate indifference to serious medical needs against defendant. Plaintiff's dry skin was not a serious medical need. Further, the record is devoid of evidence of any deficiency in plaintiff's medical care. Plaintiff's disagreement with the treatment defendant provided falls far short of supporting an Eighth Amendment claim. *See e.g.*, *Kosloski v. Dunlap*, 347 F. App'x 177, 180 (6th Cir. 2009); *Hix v. Tennessee Dep't of Corr.*, 196 F. App'x 350, 357 (6th Cir. 2006).

**Recommended Disposition**

For the reasons set forth herein, I recommend that defendant's motion for summary judgment (docket # 18) be granted and that judgment be entered in defendant's favor on all plaintiff's claims.


Dated:   May 15, 2014              /s/  Joseph G. Scoville
                                   United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  General objections do not suffice.  *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).